UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| HASBUN ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-4018 |
| WHITNEY BANK | SECTION "L" (1) |

**ORDER & REASONS**

Before the Court is Plaintiffs' motion to remand. R. Doc. 9. Defendant opposes. R. Doc. 14. For the reasons that follow, the motion is **DENIED**.

I. BACKGROUND

This action arises out of allegedly unauthorized disbursements from Plaintiffs' accounts with Defendant Hancock Whitney Bank ("Hancock"). Plaintiffs, citizens of a foreign state (Honduras) and Texas, sued Hancock in the Civil District Court for the Parish of Orleans. Hancock removed on the basis of diversity of citizenship. The parties are clearly diverse, but Plaintiffs contend that Hancock's principal place of business is in Louisiana, and this precludes removal on the basis of diversity of citizenship.

To put this matter in perspective, a brief review of Hancock's history is helpful. Hancock Bank was incorporated in Mississippi in 1899, with its principal place of business in Bay St. Louis, Mississippi and later in Gulfport, Mississippi. Its parent company, Hancock Holding Company, also incorporated in Mississippi, has its principal place of business in Gulfport. In 2011, Hancock Holding Company acquired Whitney National Bank. Whitney National Bank then merged with and into Hancock Bank of Louisiana, and was renamed "Whitney Bank," with a Louisiana charter. At this point in time, Hancock Holding Company operated Hancock Bank, a Mississippi chartered bank, and Whitney Bank, a Louisiana chartered bank. In 2014, Whitney Bank merged with

1

Hancock Bank under Hancock Bank's existing Mississippi state charter, and the bank's name was changed to Whitney Bank. Recently, Whitney Bank changed its name to Hancock Whitney Bank. Presently, it is a Mississippi chartered bank, with branches in Mississippi, Louisiana, Alabama, and Florida.

## II. PRESENT MOTION

Plaintiffs move to remand, asserting that Hancock's principal place of business is in Louisiana, and it cannot remove an action based on diversity of citizenship when it is a forum defendant. R. Doc. 9.

This Court ordered the parties to conduct limited discovery concerning Hancock's citizenship. In response to Plaintiffs' discovery requests, Hancock produced a list of its eleven "Reg O" officers – those officers involved in "major policy-making functions" of the bank. Five of them – including Hancock's President, Chief Financial Officer, Chief Banking Officer, Chief Risk Officer, and Chief Credit Officer – are based in Hancock's New Orleans office. Because those individuals "direct, control, and coordinate" the corporation's activities, Plaintiffs argue, New Orleans is Hancock's "nerve center" for jurisdictional purposes. Plaintiffs further contend that the majority of Hancock Board and committee meetings take place in New Orleans. Finally, Plaintiffs emphasize Hancock's filings with the Louisiana Secretary of State, wherein Hancock lists the address of its President and Chief Financial Officer as "228 St. Charles Avenue *Executive Offices*." R. Doc. 9-2 at 8.

In opposition, Hancock argues that its principal place of business is in Gulfport, Mississippi – thus, it is not a forum defendant and Plaintiffs' motion to remand must be denied. Hancock contends that its "nerve center" is located in the Hancock Whitney Plaza in Gulfport, where Hancock's (1) highest level executive decision making occurs; (2) highest level executive and

operational officers maintain offices; (3) core technology systems are located; and (4) human resources functions are managed. R. Doc. 14 at 14.

Hancock argues that its officers "direct, control, and coordinate" the corporation's activities from its Gulfport office. Eight out of Hancock's eleven Reg O officers maintain offices there. Most importantly, Hancock's Chief Executive Officer – the highest ranking officer of the bank to whom every executive officer ultimately reports – is located in Gulfport and does not have dedicated office space in New Orleans.

Seven of Hancock's fifteen Board members reside in Mississippi (including the Chairman), while only two reside in Louisiana, and two out of every three state-mandated Board meetings occur in Gulfport. The Capital Committee, composed of Hancock's Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, and President, is the "senior most management committee and is responsible for the major strategic decisions of the company." Almost all of their monthly meetings take place in Gulfport – in the year preceding the filing of the Notice of Removal, ten took place in Gulfport, and two took place in New Orleans.

### III. LAW AND ANALYSIS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court." 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions between citizens of different states in which the matter in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1). But a civil action otherwise removable on the basis of diversity of citizenship "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Thus, if Hancock's principal place of business is located in the state of Louisiana, removal is improper and the case must be remanded.

As the removing party, Hancock has the burden of establishing federal jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Removal jurisdiction "raises significant federalism concerns" and is strictly construed. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state in which it maintains its "principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has defined the latter as "the place where the corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). This place, often referred to as the corporation's "nerve center," "should normally be the place where the corporation maintains its headquarters" — so long as it "is the actual center of direction, control, and coordination … and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93.

Although a corporation may conduct business activities in different locations across multiple states, there can only be one "nerve center." *Id.* at 95. This is true even with respect to corporations that "divide their command and coordinating functions among officers who work at several different locations." *Id.* at 95-96. But even in these "hard cases," the "nerve center" test "nonetheless points courts in a single direction, toward the center of overall direction, control, and coordination. Courts do not have to try to weigh corporate functions, assets, or revenues different in kind, one from the other." *Id.* at 96.

"When the high-level officers are dispersed geographically, the principal place of business is 'where a critical mass of controlling corporate officers' works or where 'significant corporate decisions and strategy-forming are made,' even if some officers live and work in another state." *Rowell v. Shell Chem. LP*, No. CV 14-2392, 2015 WL 7306435, at *4 (E.D. La. Nov. 18, 2015) (quoting *Elizondo v. Keppel Amfels, L.L.C.*, No. 14-220, 2015 WL 1976434, at *7 (S.D. Tex. May 1, 2015)).

Several of Hancock's high-ranking executives are based primarily in New Orleans. But those executive officers ultimately report to the Chief Executive Officer in Gulfport, and Hancock's Gulfport headquarters appears to be the location where a critical mass of Hancock's corporate decisions and strategies are formed and where many of its executive decision-makers are located.

Indeed, Hancock's highest-level decisions are made in Gulfport, where (1) two out of every three state-mandated Board meetings are held; (2) the Capital Committee, composed of Hancock's Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, and President and responsible for the corporation's big-picture strategy and decisions, meets an overwhelming majority of the time; and (3) eight out of Hancock's eleven Reg O officers maintain offices. As such, Hancock's officers "direct, control, and coordinate" the bank's activities from Gulfport, Mississippi.

Plaintiffs point to Hancock's filings with the Louisiana Secretary of State, wherein Hancock lists the addresses of its President and Chief Financial Officer as "228 St. Charles Avenue *Executive Offices*." R. Doc. 9-2 at 8. That same filing, though, identifies Hancock's Gulfport address as its "principal business office," and identifies its New Orleans office as its "principal business establishment *in Louisiana*." *Id.* (emphasis added).

Finally, Louisiana federal courts have consistently exercised diversity jurisdiction over Hancock since 2014, and Hancock has consistently represented that it is a Mississippi citizen. *See, e.g., Whitney Bank v. First American Title Insurance Company*, No. 17-7663 (E.D. La.); *Boudreaux v. Whitney Bank*, No. 16-1190 (W.D. La.) (Louisiana citizen sued Hancock on the basis of diversity, alleging that Hancock's principal place of business was in Gulfport. After "conduct[ing] a review of the pleadings," the court concluded that "the parties are diverse."); *Whitney Bank v. SMI Global Companies, Inc.*, No. 16-1427 (Hancock sued Louisiana citizens on the basis of diversity, claiming its principal business office was in Gulfport. Again, upon reviewing the pleadings, the court found the parties were diverse); *Elder v. Whitney National Bank*, No. 17-36 (W.D. La.) (Hancock removed an action filed in Louisiana state court on the basis of diversity, asserting that its principal place of business is in Gulfport); *Whitney Bank v. Brooks*, No. 16-693 (W.D. La.) (Hancock sued a Louisiana citizen on the basis of diversity).

Applying the nerve center test to these facts, the Court concludes that Hancock's principal place of business is in Gulfport, Mississippi. Because Hancock is incorporated in and maintains a principal place of business in Mississippi, it is not a Louisiana citizen and the forum defendant rule does not apply.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Remand, R. Doc. 9, is hereby **DENIED**.

New Orleans, Louisiana, this 10th day of October, 2018.

_____
**ELDON E. FALLON**
United States District Judge